IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC,** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **Green Revolution Cooling, Inc.** § <br> § <br> **Defendant.** § <br> § | Civil Action No. 6:24-cv-166 <br><br> **Jury Trial Demanded** |

## GREEN REVOLUTION COOLING, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGMENT

Defendant Green Revolution Cooling, Inc. ("GRC") hereby files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Midas Green Technologies, LLC's ("Midas" or "Plaintiff") Complaint for Patent Infringement. GRC denies each and every allegation contained in Plaintiff's Complaint except those specifically admitted below.

## COMPLAINT FOR PATENT INFRINGMENT

As to Midas's summary and headings, GRC believes no response is necessary. However, if a response is deemed necessary, GRC admits that Midas purports to allege claims for patent infringement of U.S. Patent No. 10,405,457 ("the '457 Patent") and attaches that patent as Exhibit A. GRC denies the remaining allegations in these introductory paragraphs.

### I.   PARTIES

1.   GRC lacks knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies them.

2.   GRC admits it is a Delaware corporation with its principal place of business at 11525 Stonehollow Dr., Suite A-135, Austin, Texas 78758. GRC admits that it has been designing

and building immersion cooling systems since 2008, and that some of these systems may be compatible with hardware used in crypto-mining facilities. GRC denies Midas's remaining characterizations of those systems.

## II.   JURSIDICTION

3. Admitted.

4. GRC admits that the Court has general personal jurisdiction over it. GRC denies the remaining allegations in this paragraph.

## III.   VENUE

5. Admitted.

## IV.   THE ASSERTED PATENT

### A.   The '457 Patent

6. GRC admits that the '457 Patent is titled "Appliance Immersion Cooling System," that it issued on September 3, 2019, and that a copy of it is attached as Exhibit A. GRC also admits that the '457 Patent attempts to claim priority to U.S. Patent Application No. 14/355,533 and U.S. Provisional Application Nos. 61/737,200 and 61/832,211. GRC lacks information sufficient to form a belief as to the remaining allegations in paragraph 6 and therefore denies them.

7. Denied.

## V.   INFRINGMENT

8. Denied.

### A. GRC ICEraQ10

   i.   *Infringement of Claim 1 of the '457 Patent*

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

    *ii.  Infringement of Claim 2 of the '457 Patent*

17. Denied.

    *iii.  Infringement of Claim 3 of the '457 Patent*

18. Denied.

    *iv.  Infringement of Claim 6 of the '457 Patent*

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

**B.  HashRaQ Max**

    *i.  Infringement of Claim 1 of the '457 Patent*

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

    *ii.  Infringement of Claim 2 of the '457 Patent*

31. Denied.

    *iii.   Infringement of Claim 3 of the '457 Patent*

32. Denied.

    *iv.   Infringement of Claim 6 of the '457 Patent*

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

## VI.   CAUSES OF ACTION

### Count 1: Direct Infringement of U.S. Patent No. 10,405,457

40. GRC incorporates by reference the foregoing responses as if fully set forth herein.

41. GRC admits that the '457 Patent was filed on April 30, 2014. GRC denies the remaining allegations of this paragraph.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. GRC admits that Exhibit B purports to be a claim chart. GRC denies the remaining allegations in paragraph 48 and the allegations contained in Exhibit B.

**Count 2: Willful Infringement**

49. GRC incorporates by reference the foregoing responses as if fully set forth herein.

50. Denied.

51. Denied.

## VII.   JURY DEMAND

GRC also respectfully requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

GRC respectfully requests that Midas's prayer for relief be denied in its entirety, that the Complaint be dismissed with prejudice, that judgment be entered in GRC's favor, and that the Court award any further relief it deems just and proper.

## VIII.   DEFENSES AND AFFIRMATIVE DEFENSES

GRC asserts the following defenses and affirmative defenses without assuming any burden of proof when such burden would otherwise be on Midas. GRC repeats and incorporates by reference each of its responses in the preceding paragraphs, the Jury Demand, and the Prayer for Relief as set forth above with each of the following defenses as if fully set forth therein. Further, GRC specifically reserves all rights to assert additional defenses and affirmative defenses as additional information becomes available.

### First Affirmative Defense

52. Plaintiff's claims are barred, in whole or in part, for failure to state a claim against GRC upon which relief may be granted.

### Second Affirmative Defense

53. GRC has not infringed and does not infringe any valid and enforceable claim of the '457 Patent, either directly or indirectly, either literally or under the doctrine of equivalents, because the accused instrumentalities do not practice every claimed limitation.

**Third Affirmative Defense**

54. The claims of the '457 Patent are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

**Fourth Affirmative Defense**

55. Plaintiff's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, including based on the patent applicant's statements, arguments, and acquiescence to the U.S. Patent & Trademark Office ("USPTO")'s examiner during the prosecution of the '457 Patent and/or any underlying applications to which the '457 Patent claims priority.

**Fifth Affirmative Defense**

56. Plaintiffs' claims against GRC are barred, in whole or in part, by 35 U.S.C. § 286. For the purposes of this defense, the relevant calculation period for damages—as prescribed by statue—cannot be more than six years prior to filing the Complaint.

**Sixth Affirmative Defense**

57. Plaintiffs' claims are barred, in whole or in part, by 35 U.S.C. § 287.

**Seventh Affirmative Defense**

58. Plaintiff's claims are barred, in whole or in part, 35 U.S.C. § 288.

**Eighth Affirmative Defense**

59. Plaintiff's claims are barred, in whole or in part, by 28 U.S.C § 1498 to the extent that the accused products, and any other product Plaintiff claims infringes on the '457 Patent have been used or manufactured by the United States.

**Ninth Affirmative Defense**

60. GRC has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the '457 Patent is invalid, and thus Plaintiff cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

**Tenth Affirmative Defense**

61. Plaintiff' is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

**Eleventh Affirmative Defense**

62. Plaintiff's claims against GRC are barred or limited by the equitable doctrines of laches, estoppel, waiver, unclean hands, and/or other equitable doctrines.

**Twelfth Affirmative Defense**

63. Plaintiff's claims are barred, in whole or in part, due to its own conduct, acts, and omissions.

**Fourteenth Affirmative Defense**

64. Plaintiff's claims against GRC fail because Plaintiff has not suffered any damages as a result of Plaintiff's alleged conduct referred to in the Complaint and Plaintiff is thus not entitled to any relief.

**Fifteenth Affirmative Defense**

65. The claims of the '457 Patent are invalid and/or unenforceable for incorrect inventorship under at least 35 U.S.C. §§ 101 and 115 and/or inequitable conduct.

**Sixteenth Affirmative Defense**

66. Plaintiff's claims against GRC are barred, in whole or in part, because GRC's actions were privileged, justified, or excused.

## IX.     COUNTERCLAIMS

Green Revolution Cooling, Inc. ("GRC") states the following as its Counterclaims against Midas.

## X.     PARTIES

67. Counterclaimant Green Revolution Cooling, Inc. is a Delaware corporation with its principal place of business at 11525 Stonehollow Drive, Suite A-135, Austin, Texas 78758.

68. Counterclaim defendant Midas Green Technologies, LLC is a Texas limited liability company with its principal place of business at 7801 N Capital of Texas Hwy # 230, Austin, TX 78731.

## XI.     JURISDICTION AND VENUE

69. These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-02.

70. Subject to GRC's defenses and denials stated above, this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201-2202.

71. This Court has personal jurisdiction over Midas because Midas has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this judicial district by filing suit in this district.

72. Subject to GRC's defenses and denials stated above, venue for this Counterclaim is proper in this judicial district because Midas has consented to this venue through the filing of

a claim of patent infringement against GRC in this judicial district, in response to which this Counterclaim is being asserted.

## XII.  COUNT I

**(Declaratory Judgment of Noninfringement of U.S. Patent No. 10,405,457)**

73. GRC repeats and realleges the preceding paragraphs as if fully set forth herein.

74. GRC has not infringed and does not infringe any valid and enforceable claim of the '457 Patent, either directly, indirectly, literally, or under the doctrine of equivalents, because the accused products, and any other product Midas claims infringes on the '457 Patent, do not practice every claimed limitation.

75. An actual controversy exists with respect to the alleged infringement of the '457 Patent to warrant the issuance of a declaratory judgment of noninfringement.

76. A judicial declaration is necessary and appropriate because, absent a declaration and order as sought by GRC, Midas will continue to wrongfully assert that GRC has infringed claims of the '457 Patent, thereby causing GRC irreparable injury and damage.

77. A judicial determination of the respective rights of the parties with respect to the claims of the '457 Patent is now necessary and appropriate under 28 U.S.C. § 2201 and 2022.

## XIII.  COUNT II

**(Declaratory Judgment of Invalidity of U.S. Patent No. 10,405,457)**

78. GRC repeats and realleges the preceding paragraphs as if fully set forth herein.

79. Midas alleges in its Complaint that the '457 Patent is valid and enforceable. However, on information and belief, each claim of the '457 Patent asserted against GRC is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C § 101 *et seq.*, including but not limited to sections 102, 103, and 112.

## XIV.   COUNT III

**(Declaratory Judgment of Invalidity and/or Unenforceability of U.S. Patent No. 10,405,457)**

80.   GRC repeats and realleges the preceding paragraphs as if fully set forth herein.

81.   The claims of the '457 Patent are invalid and unenforceable for failing to name the actual inventor of the claimed subject matter.

82.   Prior to the filing of the application(s) that matured into the '457 Patent, Christiaan Best ("Best") was employed at GRC, working on and inventing immersion cooling technology. Best discovered a variety of inefficiencies in existing cooling technologies in early 2008 while working at a MEMS start-up in the air conditioning field. He and his co-inventor immediately began brainstorming for solutions to this problem. The result was a new, immersion-cooled system that used a safe, non-toxic, single-phase dielectric coolant in which data center components were immersed. GRC filed for patent applications on these ideas, and issued several press releases, datasheets, presentations, videos, and other public materials, many of which were available on GRC's website.

83.   GRC also began building these systems, and the first incarnation was called the "CarnotJet." It efficiently removed heat by fully submersing a data center's computer components in a single-phase dielectric coolant, with innovative hardware architecture, system design, and control software to optimize performance and reliability. Midas was an early customer of GRC, and ultimately purchased a CarnotJet system from GRC in 2010.

84.   Prior to the filing of the application(s) that matured into the '457 Patent, GRC and Best provided technology, systems, documents, and expertise that included some or all of the subject matter claimed by the '457 Patent and as described in the specification of the '457 Patent. For example, as noted above, GRC and Best installed an immersion system called the CarnotJet

in 2010 at Midas's facilities. *See* Green Revolution Cooling, *Midas Green Tech*, https://www.grcooling.com/customer-successes/midas-green-tech/ (describing installation details, displaying pictures of the Midas installation, and displaying testimonial by Midas President); Christopher Calnan, *Austin startup takes green approach to servers*, Austin Business Journal (Apr. 15, 2011), http://www.bizjournals.com/austin/blog/abje_news/2011/04/austin-startup-takes-green-approach-to.html?page=all [https://web.archive.org/web/20130806083645/http:/www.bizjournals.com/austin/blog/abje_news/2011/04/austin-startup-takes-green-approach-to.html?page=all] (article based on interview with Midas executives discussing Midas's implementation of GRC's immersion cooling technology); Midas Green Tech, *Data Center Immersion Cooling* (Nov. 2011), https://www.slideserve.com/gita/data-center-immersion-cooling (Midas slide deck attributing cooling technology to GRC); Rich Miller, *Green Revolution's Immersion Cooling in Action*, Data Center Knowledge (Apr. 12, 2011), https://www.datacenterknowledge.com/archives/2011/04/12/green-revolutions-immersion-cooling-in-action#close-modal (discussing and showing photos of Midas's GRC immersion cooling installation); Penny Jones, *CGG Veritas uses liquid cooled servers in HPC environment*, Data Center Dynamics (Mar. 23, 2012), https://www.datacenterdynamics.com/en/news/cgg-veritas-uses-liquid-cooled-servers-in-hpc-environment/ ("[i]n 2010, Green Revolution Cooling secured its first data center customer Midas Networks, which bought four Carnotjet 42U racks. This installation has since been used as a showcase for the technology").

85. GRC employees, including Best, authored and published articles, website materials, and filed patent applications disclosing the subject matter claimed by the '457 Patent and described in the specification of the '457 Patent. *See, e.g.*, U.S. Patent No. 10,123,463 filed as a PCT application on August 10, 2009 and claiming priority to U.S. Provisional Applications

61/188,589, 61/163,443, and 61/165,470; U.S. Patent Publication 2014/0211412 filed as a PCT application on August 4, 2012 and claiming priority to U.S. Provisional Application 61/574,601; U.S. Patent Publication No. 2014/0301037 filed on April 4, 2014 and claiming priority to U.S. Provisional Application 61/853,341; U.S. Patent Publication No. 2014/0307384 filed on April 11, 2014 and claiming priority to U.S. Provisional Application 61/853,696; U.S. Patent No. 9,504,190 filed on May 6, 2014 and claiming priority to U.S. Provisional Application 61/854,949; Exhibit A[1]; Exhibit B[2]; Exhibit C[3]; Exhibit D[4]; Exhibit E[5]; Exhibit F[6]; *see also* Gabriel Consulting, *GTC12 New, Cool & Interesting*, YouTube (May 23, 2023), https://www.youtube.com/watch?v=aVGjMicFkQA; GRC – Green Revolution Cooling, *See Our ICEraQ™ Micro-Modular, Rack-Based Immersion-Cooling System in Action*, YouTube (Apr. 17, 2012), https://www.youtube.com/watch?v=6IX9U2zaI_I; Data Center Knowledge; *Liquid Immersion Cooling for Servers*, YouTube (Mar. 16, 2010), https://www.youtube.com/watch?v=IoC1uzzHKvA; *InsideHPC Report, Power and Cooling at Texas Advanced Computing Center*, YouTube (Sep. 14, 2011), https://www.youtube.com/watch?v=APVGaApddL4.

---

[1] A CarnoJet datasheet from grcooling.com captured on archive.org in April 2010:
https://web.archive.org/web/20100401034701/http://www.grcooling.com/GRCoolingSpecSheet.

[2] A presentation titled "The CarnotJet System: Liquid Submersion Server Cooling" from grcooling.com captured on archive.org in April 2012:
https://web.archive.org/web/20120425105328/http://www.grcooling.com:80/docs/Green-Revolution-Cooling-20kW-Presentation.pdf.

[3] A pamphlet titled "The CarnotJet System Total Fluid Submersion Cooling for OEM Servers" from grcooling.com captured on archive.org in April 2012:
https://web.archive.org/web/20120425105354/http://www.grcooling.com/docs/Green-Revolution-Cooling-CarnotJet-System-Pamphlet.pdf.

[4] A CarnoJet product flyer from grcooling.com captured on archive.org in April 2012:
https://web.archive.org/web/20120425105401/http://www.grcooling.com/docs/Green-Revolution-Cooling-CarnotJet-System-Product-Flyer-2011.pdf.

[5] A case study on the Midas installation from grcooling.com captured on archive.org in December 2011:
https://web.archive.org/web/20111226031421/http://www.grcooling.com:80/docs/Green-Revolution-Cooling-Midas-Networks-Case-Study.pdf.

[6] The "Design" page on grcooling.com captured on archive.org in November 2011:
https://web.archive.org/web/20111111071811/http://www.grcooling.com/product/design/.

86. On information and belief, Midas and the listed '457 Patent inventor(s) were aware of these materials prior to filing the '457 Patent and that these materials disclosed nearly identical subject matter to that claimed by the '457 Patent and described in the specification of the '457 Patent.

87. On information and belief, despite Midas's knowledge of each of the alleged facts above, during prosecution, Midas did not identify or name Best as an inventor on the application that led to the '457 Patent. Instead, the ''457 Patent misidentifies Christopher Boyd, James Koen, David Laguna, Thomas Turner, Kenneth Swinden, Mario Garcia, and John Tribou as named inventors.

88. Because Best is not identified as an inventor on the '457 Patent, the '457 Patent is invalid and unenforceable for improper inventorship.

89. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity and unenforceability.

90. Specifically, a judicial declaration that the '457 Patent is invalid and unenforceable is necessary and appropriate because, absent a declaration and order as sought by GRC, Midas will continue to wrongfully assert that GRC has infringed claims of the '457 Patent, thereby causing GRC irreparable injury and damage.

91. A judicial determination of the respective rights of the parties with respect to the invalidity and unenforceability of the claims of the '457 Patent is now necessary and appropriate under 28 U.S. Code § 2201 and 2022.

## XV.     COUNT IV

**(Declaratory Judgment of Christiaan Best as Sole Inventor of U.S. Patent No. 10,405,457)**

92. GRC repeats and realleges the preceding paragraphs as if fully set forth herein.

93. Christiaan Best, GRC's founder, conceived of and invented unique, novel, and distinct designs for GRC's immersion cooling systems.

94. In 2010, Midas contracted with GRC to have GRC install and service one of these immersion cooling systems.

95. Pursuant to the contract, GRC installed the cooling system and helped maintain it. In return, Midas paid GRC. The contract was solely for the provision of the foregoing services.

96. Midas was an early customer and end-user of GRC's products. And given Midas's lack of background in fluid dynamics and immersion cooling, Midas would not have been in a position to offer or suggest any practical alterations to GRC's products. Rather, GRC routinely developed and filed patent applications on practical upgrades to its products based on its own knowledge and experience, not that of Midas.

97. Additionally, neither communications nor the contract between GRC and Midas provided that GRC and Midas would be co-inventors. To the contrary, Midas was very public about the technology originating from GRC as Midas boasted the benefits it received from GRC's products.

98. Upon information and belief, either during the above arrangement between GRC and Midas or shortly after it ended, Midas reverse engineered GRC's immersion cooling systems, and/or viewed GRC's online materials and published patent applications, and applied for the '457 Patent using GRC's underlying technology.

99. GRC, as the true owner of the '457 Patent, stands to suffer irreparable harm absent declaratory relief. GRC requests that this Court, pursuant to 28 U.S.C. § 2201, enter a Declaratory Judgment that GRC's former principal, Christiaan Best, is the sole inventor and owner of the immersion cooling technology that is the subject of the '457 Patent.

## XVI.   COUNT V

### (Declaratory Judgment of Inequitable Conduct of U.S. Patent No. 10,405,457)

100. GRC repeats and realleges the preceding paragraphs as if fully set forth herein.

101. On information and belief, one or more claims of the '457 Patent are unenforceable by virtue of the fact that Midas, through its employees, agents and/or attorneys, engaged in inequitable conduct during prosecution of U.S. Patent Application 14/355,533 (the "'533 Application") that resulted in the issuance of the '457 Patent.

102. One or more of the patents, publications, or products listed above in paragraph 85 describes an immersion cooling system essentially identical to that described in the '457 Patent.

103. Any or all of the above-referenced patents, publications, and products would have been material to the patentability of the claims of the '457 Patent but were not disclosed to the United States Patent and Trademark Office ("USPTO") during prosecution of the '533 Application. On information and belief, the USPTO did not fully consider the above-referenced patents, publications, and products in issuing claims of the '457 Patent. On information and belief, there is a substantial likelihood that the Examiner reviewing the '533 Application would not have issued some or all of the claims of the '457 Patent if the above-referenced patents, publications, and products had been disclosed and fully considered.

104. Upon information and belief, Midas, and/or its alleged employee-inventors Chris Boyd, James Koen, David Laguna, Thomas Turner, Kenneth Swinden, Mario Garcia, and John Tribou, was aware of the prior art patents, publications, and products described above.

105. The named inventors had a duty to disclose material information and references to the USPTO. *See* 37 C.F.R. § 1.56. Upon information and belief, the named inventors were aware of their duties of candor and good faith in dealing with the USPTO.

106. On information and belief, the named inventors knew the patents, publications, and products referenced above in paragraph 85 were material and intentionally failed to disclose them to the USPTO. The above publications and products are material to the patentability of the '457 Patent because they provide a basis for determining that the clams of the '457 Patent are invalid, and they are not cumulative of the cited art.

107. On information and belief, Midas's failure to disclose one or more of the above-referenced publications or products to the USPTO during the prosecution of the '533 Application resulted from an intent to deceive the USPTO. This is because the above publications would have had an impact on the patentability of the '457 Patent's claims, and a reasonable examiner would have wanted to know about these publications prior to issuing the '457 Patent.

108. GRC requests that this Court, pursuant to 28 U.S.C. §2201, enter a Declaratory Judgment of Midas's inequitable conduct in procuring the '457 Patent.

## DEMAND FOR JURY TRIAL

Counterclaimant GRC requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Counterclaimant GRC prays that Counterclaim Defendant Midas respectfully requests that the Court enter an Order and Judgment against Midas as follows:

1. Granting judgment in favor of GRC and against Midas on all counts;

2. Dismissing with prejudice Midas's Complaint and all purported causes of action therein against GRC, denying any and all relief sought by Midas, and ordering that Midas take nothing by reason of its Complaint;

3. Declaratory relief that GRC has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '457 Patent, in violation of 35 U.S.C. § 271;

4. Declaratory relief that each of the claims of the '457 Patent is invalid, unenforceable, and/or that Christiaan Best is either a co-inventor or the sole inventor of the '457 Patent;

5. A judgment that Midas and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them, be restrained and enjoined from alleging, representing, or otherwise stating that GRC infringes any claims of the '457 Patent or from instituting or initiating any action or proceeding alleging infringement of any claims of the '457 Patent against GRC or any customers, manufacturers, users, importers, or sellers of the Accused Instrumentalities;

6. Declaring GRC as the prevailing party and this case as exceptional, and awarding GRC its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

7. That Midas be ordered to pay all fees, expenses, and costs associated with this action;

8. Awarding such other and further relief as this Court deems just and proper.

Dated: June 13, 2024,    Respectfully submitted,

**MICHELMAN & ROBINSON, LLP**

By: */s/ Ashley N. Moore*
   Ashley N. Moore
   SDTX No. 3864837
   amoore@mrllp.com
   300 Crescent Ct., Suite 1700
   Dallas, TX 75201
   Telephone: (214) 273-4050

   **ATTORNEY FOR DEFENDANT GREEN REVOLUTION COOLING, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 13th day of June 2024.

   */s/ Ashley N. Moore*
   Ashley N. Moore
   SDTX No. 3864837