UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, *Plaintiff*, - vs. - **Green Revolution Cooling, Inc.** *Defendant* | Civil Action No. 6:24-cv-00166-ADA  **Jury Trial Demanded** |

## SCHEDULING ORDER

Pursuant to the "Standing Order Governing Proceedings (OGP) 4.4-Patent Cases," the Court hereby **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
|---|---|
| 8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later. | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| August 9, 2024 | Plaintiff serves preliminary infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e., the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| August 12, 2024 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the |

1

| Deadline | Item |
|---|---|
| | parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| October 7, 2024 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| October 21, 2024 | Parties exchange claim terms for construction |
| November 4, 2024 | Parties exchange proposed claim constructions. |
| November 11, 2024 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[1] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| November 18, 2024 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| November 25, 2024 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| December 16, 2024 | Plaintiff files Responsive claim construction brief. |
| December 30, 2024 | Defendant files Reply claim construction brief. |
| December 30, 2024 | Parties to jointly email the law clerks (see OGP at 1) to confirm their Markman date and to notify if any venue or jurisdictional motions remain unripe for |

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| Deadline | Item |
|---|---|
| | resolution |
| January 10, 2025 | Plaintiff files a Sur-Reply claim construction brief. |
| January 15, 2025 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy. See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| January 24, 2024 (at least 10 days before Markman hearing) | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| February 3, 2025 (or as soon as practicable) | Markman Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the Markman hearing approaches. |
| 1 business day after Markman hearing February 4, 2025 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 6 weeks after Markman hearing March 17, 2025 | Deadline to add parties. |
| 8 weeks after Markman hearing March 31, 2025 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 16 weeks after Markman hearing May 27, 2025 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| 26 weeks after Markman August 4, 2025 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 30 weeks after Markman Hearing September 1, 2025 | Close of Fact Discovery. |
| 31 weeks after Markman hearing September 8, 2025 | Opening Expert Reports. |
| 35 weeks after Markman | Rebuttal Expert Reports. |

| Deadline | Item |
|---|---|
| hearing<br>October 6, 2025 | |
| 38 weeks after Markman hearing<br>October 27, 2025 | Close of Expert Discovery. |
| 39 weeks after Markman hearing<br>November 3, 2025 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 40 weeks after Markman hearing<br>November 11, 2025 | Dispositive motion deadline and Daubert motion deadline. See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistratejudge. |
| 42 weeks after Markman hearing<br>November 24, 2025 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 44 weeks after Markman hearing<br>December 8, 2025 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 45 weeks after Markman hearing<br>December 15, 2025 | Serve objections to rebuttal disclosures; file motions in limine. |
| 46 weeks after Markman hearing<br>December 22, 2025 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions in limine From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), |

| Deadline | Item |
|---|---|
|  | notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 47 weeks after Markman hearing<br>December 29, 2025 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com Deadline to file replies to motions in limine. |
| 48 weeks after Markman hearing<br>January 5, 2026 | Deadline to meet and confer regarding remaining objections and disputes on motions in limine. |
| 8 weeks before trial<br>December 8, 2025 | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference and trial dates |
| 3 business days before Final Pretrial Conference<br>January 9, 2026 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions in limine. |
| 49 weeks after Markman hearing (or as soon as practicable)<br>January 12, 2026 | Final Pretrial Conference. Held in person unless otherwise requested. |
| 52 weeks after Markman hearing (or as soon as practicable)<br>February 2, 2026 | Jury Selection/Trial. |

**SIGNED** this 19th day of August, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE