# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| MIDAS GREEN TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff, Counter-Defendant,* | § | |
| | § | |
| v. | § | Civil Action No. 6:24-cv-00166-ADA |
| | § | |
| GREEN REVOLUTION COOLING, INC. | § | |
| | § | |
| *Defendant, Counter-Plaintiff.* | § | |

## DEFENDANT GREEN REVOLUTION COOLING, INC.'S OPPOSED MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE '457 PATENT

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ......................................................................................................1

II.    BACKGROUND ........................................................................................................2

III.   LEGAL STANDARD.................................................................................................2

IV.   ARGUMENT ............................................................................................................3

       A.     A Stay will Simplify the Issues..................................................................3

       B.     Midas Will Not Be Unduly Prejudiced by a Stay. ....................................5

       C.     The Early Stage of This Case Weighs in Favor of a Stay.........................7

V.    CONCLUSION..........................................................................................................9

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*,
  2022 WL 1447948 (W.D. Tex. Feb. 7, 2022) ........................................................8

*Crossroads Sys. v. DOT Hill Sys. Corp.*,
  2015 WL 3773014 (W.D. Tex. June 16, 2015) ..................................................3, 9

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 17-cv-140, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019) ......................2, 8, 9

*e-Watch, Inc. v. ACTi Corp., Inc.*,
  2013 WL 6335372 (W.D. Tex. Aug. 9, 2013) ........................................................5

*Ethicon, Inc. v. Quigg*,
  849 F.2d 1422 (Fed. Cir. 1988) ............................................................................2

*Kirsch Rsch. and Dev., LLC v. IKO Indus.*,
  2021 WL 4555610 (W.D. Tex. Oct. 5, 2021) ........................................................3

*Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*,
  No. 17-cv-1914, 2019 WL 116784 (C.D. Cal. Jan. 2, 2019) ..................................7

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) ......................................................3

*Nobots LLC v. Google LLC*,
  2024 WL 925553 (W.D. Tex. Mar. 4, 2024) ......................................................7, 8

*Norman IP Holdings, LLC v. TPLink Techs., Co.*,
  2014 WL 5035718 (E.D. Tex. Oct. 8, 2014) ..........................................................9

*TC Tech. LLC v. T-Mobile USA, Inc.*,
  2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ......................................................6, 7

*Twitch LLC v. Bote, LLC*,
  2024 WL 3898297 (W.D. Tex. August 21, 2024) ..................................................4

*UMBRA Techs. Ltd. v. Cisco Sys., Inc.*,
  2024 WL 2155274 (W.D. Tex. Apr. 25, 2024) ......................................................3

*VirtualAgility v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ............................................................................7

*Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*,
  6:21-CV-00302-ADA, 2022 WL 2078030 (W.D. Tex. Jun. 8, 2022) ..............3, 5, 6, 7, 8

**State Cases**

*Delta Elecs., Inc. v. Vicor Corp.*,
  Cause No. Wa-23-CV-726-KC, 2024 WL 2838273 (W.D. Tex. Jun. 5, 2024) .........2, 3, 4, 7, 8

**Federal Statutes**

35 U.S.C. § 315(e)(2)..................................................................................................................5

**Other Authorities**

*Midas Green Techs, LLC v. Rhodium Enterprises, Inc.*,
    Case No. 6:22-cv-50, Dkt. No. 1 ...............................................................................7

U.S. Patent No. 10,405,457...........................................................................1, 3, 6, 7, 9

## I.     INTRODUCTION

On November 19, 2024, GRC filed a petition for *inter partes* review ("IPR") seeking a determination that claims 1-16 of U.S. Patent No. 10,405,457 (the "'457 patent") are invalid (the "IPR Proceeding"). *See* Exhibit 1 (Petition for Inter Partes Review of Claims 1-16 of U.S. Patent 10,405,457, IPR Case No.: IPR2025-00196). While the Patent Trial and Appeal Board (the "Board") has not yet instituted IPR, the unique circumstances of this case merit a stay pending institution and ultimately resolution of the IPR.

The issues in this case began in 2022 when Midas sued a different party, Rhodium, over infringement of the '457 patent. There, Rhodium explained that GRC inventor, Christiaan Best, created the ideas described in the '457 patent, which is a copycat of GRC's patented technology and products. This has not changed with Midas's more recent decision to sue GRC over the '457 patent. Here, GRC has lodged counterclaims of not only noninfringement and invalidity, but also the highly fact-intensive counterclaims of inventorship/ownership and inequitable conduct. *See* Dkt. No. 16 at ¶¶ 80-108. Thus, the amount of fact-finding and legal issues to be resolved is significantly more than a typical patent case and favor a stay pending resolution of the IPR.

IPR institution and invalidity are the most likely outcome by far. Over the past twelve months, the Board has instituted on 74% of the patents challenged in an IPR. *See* Exhibit 2 (PTAB Trial Statistics FY24 End of Year Outcome Roundup IPR, PGR) at 7. And 83.9% of petitions that reach a Final Written Decision result in at least one unpatentable claim, which will operate to simplify the issues significantly. *Id.* at 11. Midas only asserts four of the '457 patent claims against GRC, and given the amount of discovery necessary to resolve the many counterclaims, it makes sense to stay the case now before discovery commences and before the *Markman* hearing takes place.

Finally, Midas will not be prejudiced by the stay. It waited four years to bring this lawsuit and has already taken the deposition of GRC's inventor (Christiaan Best) and its CEO (Peter Poulin). GRC produced documents to Midas prior to those depositions and has already made a document collection for this case. GRC therefore respectfully requests that the Court use its broad discretion and stay this case pending resolution of the IPR.

## II.    BACKGROUND

Midas filed this case on March 29, 2024. *See* Dkt. No. 1. On June 13, 2024, GRC filed its Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 16), which Midas answered on July 5, 2024 (Dkt. No. 18). The Court entered a Scheduling Order on August 19, 2024. *See* Dkt. No. 23. On November 19, 2024, GRC filed its petition for IPR with the Board. *See* Exhibit 1. On November 25, 2024, pursuant to the Scheduling Order, GRC filed its Opening Claim Construction Brief. *See* Dkt. No. 32. The parties' remaining claim construction briefing will be completed by January 10, 2025, the *Markman* hearing will be on February 3, 2025 (or as soon as practicable thereafter), fact discovery will open one day after the *Markman* hearing, and trial is set for February 2, 2026 or as soon as practicable thereafter. *See* Dkt. No. 23 at 2–3. On December 11, 2024, Midas indicated its opposition to this Motion and the proposed stay.

## III.    LEGAL STANDARD

"The decision whether to stay a case pending IPR 'is a matter committed to the district court's discretion.'" *Delta Elecs., Inc. v. Vicor Corp.*, Cause No. Wa-23-CV-726-KC, 2024 WL 2838273, at *1 (W.D. Tex. Jun. 5, 2024) (quoting *CyWee Grp. Ltd. v. Samsung Elecs. Co*., No. 17-cv-140, 2019 WL 11023976, at *1 (E.D. Tex. Feb. 14, 2019) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988))). "This decision 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Delta*, 2024 WL 2838273 at *1 (citations omitted). "District courts generally consider three factors when determining

whether to stay a matter in light of *inter partes* proceedings: (1) whether a stay will simplify the issues raised; (2) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party; and (3) the status of the litigation at the time the stay is requested." *Id.* (citing *UMBRA Techs. Ltd. v. Cisco Sys., Inc.*, No. 1:23-CV-903-DII, 2024 WL 2155274, at *1 (W.D. Tex. Apr. 25, 2024) (citing *Crossroads Sys. v. DOT Hill Sys. Corp.*, Nos. A–13–CA–800–SS, A–13–CA–895–SS, A–13–CA–1025–SS, A–14–CA–148–SS, A–14–CA–149–SS, A–14–CA–150–SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015))); *see also Xylon Licensing LLC v. Lone Star Nat'l Bancshares-Texas, Inc.*, 6:21-CV-00302-ADA, 2022 WL 2078030, *1 (W.D. Tex. Jun. 8, 2022). "Also pertinent is whether a stay will reduce the burden of litigation on the parties and the court." *Delta*, 2024 WL 2838273 at *1 (citations omitted). "These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs." *Id.* (citations omitted).

## IV.    ARGUMENT

This case should be stayed pending resolution of the IPR. A stay is highly likely to simplify, if not resolve the case entirely; Midas would not be unduly burdened by a stay; and the case is in its very early stages with the most burdensome part of the case to occur in the months to come.

### A.    A Stay will Simplify the Issues.

"The most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the Court." *Kirsch Rsch. and Dev., LLC v. IKO Indus.*, No. 6:20-cv-00317-ADA, 2021 WL 4555610, at *3 (W.D. Tex. Oct. 5, 2021) (quoting *NFC Tech. LLC v. HTC Am., Inc.*, Case No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)). All of the asserted claims of the '457 patent are subject to the pending IPR, and thus the IPR has the potential to fully resolve all issues before the Court. That is by far the most likely outcome. Over the past twelve months, the Board

has instituted on 74% of the patents challenged in an IPR. *See* Exhibit 2 (PTAB Trial Statistics FY24 End of Year Outcome Roundup IPR, PGR) at 7. For petitions that reach a Final Written Decision, there is an 83.9% chance that at least one claim will be found unpatentable and a 68.3% chance that *all* claims will be found unpatentable. *Id.* at 11. In short, there is an 83.9% chance this case is moderately or significantly simplified and a 68.3% chance it is entirely eliminated—the ultimate simplification. This is especially true here, where GRC has raised not only noninfringement and invalidity counterclaims, but also the highly fact-intensive, declaratory-judgment counterclaims of inventorship/ownership and inequitable conduct based on Midas's copycat products and patents. *See* Dkt. No. 16 at ¶¶ 80-108. Given the potential to fully resolve or significantly simplify the case, this factor strongly favors a stay.

For example, in *Delta Electronics, Inc. v. Vicor Corporation*—an opinion involving a single patent, pre-institution motion to stay pending IPR—the court determined that the simplification factor weighed in favor of a stay even though the Board had not yet instituted IPR. It decided a stay was appropriate because (1) it was statistically more likely than not that the Board would institute the IPR; and (2) "the issues in th[e] case could be greatly simplified, given that the [Board] [sic] could find that all or some of the [patent claims] are unpatentable." 2024 WL 2838273 at *2 (citing *UMBRA Techs.*, 2024 WL 2155274, at *1). Like *Delta*, it is highly likely the issues in this case are substantially simplified, and thus this factor weighs in favor of a stay. *See Delta*, at *2 (citations omitted); *see also Twitch LLC v. Bote, LLC*, WA-24-CV-00233-KC, 2024 WL 3898297, at *2 (W.D. Tex. August 21, 2024) (tracking *Delta*).

Midas may argue that this case will not be simplified if the IPR is not instituted, that some claims may not be invalidated, and that the parties' efforts in the IPR may need to be duplicated here after a stay. Midas is wrong on all counts. First, as a practical matter, Midas's preliminary

response and all additional statements made during any instituted IPR will supplement the intrinsic record that this Court could ultimately consider in deciding claim construction and GRC's counterclaims. It would be impractical to assess a term's meaning now when Midas's preliminary response will present arguments that impact claim scope before the Court issues its Claim Construction Order. Therefore, even an IPR denial will inform the scope and validity of the claims such that it will simplify the issues. *See Xylon*, 2022 WL 2078030 at *3 (finding simplification of issues favored stay because invalidity impacts the defendant's counterclaim of invalidity and the IPR "could provide information relevant to claim construction"); *see also e-Watch, Inc. v. ACTi Corp., Inc.*, Civil No. SA-12-CA-695-FB, 2013 WL 6335372, *7 (W.D. Tex. Aug. 9, 2013) (finding that if the IPR "changes the scope and terms of any claim, the matters at issue in this Court will change.").

Second, even if not all claims are invalidated, there is an 83.9% chance that one or more will be if the IPR reaches a Final Written Decision. That again lends itself to a simplification of issues. Midas only asserts four patent claims against GRC, so even an invalidation of one claim would lead to a 25% reduction in complexity. *See* Dkt. No. 1-2 (claim chart alleging infringement of claims 1, 2, 3, and 6).

Finally, GRC has agreed to the scope of estoppel provided in 35 U.S.C. § 315(e)(2). *See* Exhibit 3 (November 19, 2024, stipulation from GRC related to IPR2025-00196). This avoids the risk that the parties' efforts will be duplicated in the IPR and here. For all the reasons noted above, this factor favors a stay.

### B.    Midas Will Not Be Unduly Prejudiced by a Stay.

This case is in its infancy, so granting a stay will not prejudice Midas. As an initial matter, it is well-settled that delay caused by the IPR process, without more, does not justify denying a stay. *See Xylon*, 2022 WL 2078030 at *2; *e-Watch, Inc.*, 2013 WL 6334372 at *8-9, adopted by

2013 WL 6334304 (W.D. Tex. Aug. 26, 2013) (Biery, C.J.) (finding that "the mere fact and length of any delay . . . does not demonstrate prejudice sufficient to deny [a] request for stay."). And while Midas's interest in timely enforcement is entitled to some weight, it cannot genuinely argue that a stay will cause it undue prejudice. *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, *2 (W.D. Tex. Dec. 7, 2021). (finding that "because that interest is present in every case where a patent owner resists a stay, that alone is insufficient to defeat a motion to stay.").

In addition, GRC acted diligently to file its IPR petition well before its 12-month statutory deadline, GRC filed this motion to stay within a few weeks of filing its IPR, the *Markman* hearing will not take place for months, and fact discovery has not yet begun. Dkt. No. 23 at 2–3. Whether the IPR is instituted or not, the parties and Court will need to consider statements made in Midas's preliminary response, the Board's institution decision, and any post-institution papers to properly construe the asserted claims. Given Midas's penchant for changing its positions on claim construction, this is not a mere possibility; it is a near certainty. *See* Dkt. No. 32 at 5–6 (noting Midas's changed position on the construction of the "weir" claim term). The parties will therefore need to revisit claim construction and a host of other issues in May 2025 even if the IPR does not institute, likely making the current February 2026 trial date unviable. But even if the February 2026 trial date sticks, it will be within a few months of any Final Written Decision on the '457 patent, such that the proposed stay does not prejudice Midas.

Moreover, Midas waited at least four years to file suit against GRC, which counsels against finding undue prejudice. *See* Dkt. No. 16 (GRC's Answer, Affirmative Defenses, and Counterclaims), ¶¶ 84-86, 93-98, 104. Courts in this District are not persuaded that a plaintiff would be unduly prejudiced by a stay when it delays in filing suit. In *Delta*, the court determined

the plaintiff would not be prejudiced by a stay, focusing on "the fact that [the plaintiff] waited over four years after [the defendant] began publicly marketing the challenged products to file suit." *Delta*, 2024 WL 2838273, at *3 (citing *Nobots LLC v. Google LLC*, No. 1:22-CV-585-RP, 2024 WL 925553, at *3 (W.D. Tex. Mar. 4, 2024) (finding the plaintiff's arguments about prejudice were belied by its decision "to wait more than four years to file suit" (citing *VirtualAgility v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318–19 (Fed. Cir. 2014)); *see also Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*, No. 17-cv-1914, 2019 WL 116784, at *2 (C.D. Cal. Jan. 2, 2019) (finding delay in bringing suit against plaintiff's direct competitor "renders its arguments of undue prejudice unpersuasive").

Midas may argue that the alleged loss of evidence will cause undue prejudice; however, this "loss is likely marginal given [Midas's four] year delay" in waiting to file its lawsuit. *TC Technology*, 2021 WL 8083373 at *2. Furthermore, Midas has already investigated most of the issues in this case when it deposed GRC's CEO Peter Poulin and GRC's lead inventor/engineer Christiaan Best. As this Court may recall, in January 2022, Midas sued Rhodium for allegedly infringing the '457 patent. *See Midas Green Techs, LLC v. Rhodium Enterprises, Inc.*, Case No. 6:22-cv-50, Dkt. No. 1. During that litigation, in late 2023, Midas deposed Mr. Poulin and Mr. Best. It also received a document production from GRC. And counsel for GRC has already made a collection of documents relevant to this case. Thus, the risk that evidence will be lost and witness memories will fade during a stay is negligible, and there is no prejudice to Midas based on allegations of lost evidence. This factor therefore favors a stay.

**C.    The Early Stage of This Case Weighs in Favor of a Stay.**

This factor "favors granting the stay" when "[l]ittle-to-no judicial resources have been expended." *Xylon*, 2022 WL 2078030, at *3. This is such a case. The *Markman* hearing is set to occur months from now, fact discovery will not open for months, trial is set for over a year from

the date of this filing, and thus the parties and Court have yet to invest substantial resources litigating this case. Efficiency dictates staying the case in these early stages to avoid the potential for unnecessary litigation pending the outcome of GRC's IPR.

As here, the parties in both *Xylon* and *Delta* were in early stages of litigation. Fact discovery had not yet opened and the *Markman* hearings had not been held. *Xylon*, 2022 WL 2078030 at *2-3; *Delta*, 2024 WL 2838273 at *3-4 (citing *Nobots*, 2024 WL 925553 at *3 (finding the case was "at an early stage of litigation" when discovery had not begun and the court had not yet held a *Markman* hearing)); *see also Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, Cause No. 1:20-CV-611-LY, 2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022) (finding the case was at an early stage even though claim construction had already occurred); *CyWee*, 2019 WL 11023976, at *6 (finding "the most burdensome parts of the case—filing and responding to pretrial motions, preparing for trial, going through the trial process, and engaging in post-trial motions practice— all lie in the future." (citation omitted)). The *Delta* court ultimately weighed the risks and burdens:

> [G]ranting a stay at this juncture will substantially "reduce the burden of litigation on the parties and the court." *CyWee*, 2019 WL 11023976, at *2. If the Board does not institute IPR of Defendant's petition by October, then "little time is lost, but if [the Board] grants [IPR], the promise is greater for an important contribution by the [Board] to resolution of the governing issues in the litigation." *Capriola*, 2013 WL 1868344, at *2; *UMBRA Techs.*, 2024 WL 2155274, at *2. Conversely, denying the stay carries an enormous risk of wasted efforts. If the Court denies a stay now and the Board does institute IPR in October, by then the parties may have expended substantial resources preparing for the *Markman* hearing, the Court may have expended substantial resources conducting the *Markman* hearing and ruling on claim construction, and Magistrate Judge Berton may have expended judicial resources ruling on Defendant's pending Motion to Dismiss or Transfer. All of those burdens may be avoided if the Court stays the case until the Board decides whether to institute IPR. Accordingly, the third factor strongly weighs in favor of staying the case.

*Delta*, 2024 WL 2838273, at *4.

The bulk of the work for the parties and Court lies ahead, so a stay is appropriate. *Norman IP Holdings, LLC v. TPLink Techs., Co.*, Case No. 6-13-cv-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) (holding that "[c]ourts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court."); *see also CyWee*, 2019 WL 11023976 at *6. Even when courts in the Western District of Texas have held a *Markman* hearing, they may still decide that "it makes no sense for the Court to proceed in parallel with the [Board]" because "[t]he finality of any judgment rendered by this Court will be dubious so long as the [Board] retains authority to review, and therefore invalidate, the asserted claims." *Crossroads*, 2015 WL 3773014 at *4. This case is no different, especially when coupled with the early stage of litigation, Midas's decision to sit on its claim for four years, the fact that Midas's preliminary response will be due within weeks of the *Markman* hearing, and the fact that the relevant evidence has already been preserved by both Midas and GRC. This factor favors granting a stay.

## V.    CONCLUSION

All three factors favor staying this case. The benefits of a stay would far outweigh the costs. For the foregoing reasons, GRC submits that good cause exists for staying all claims and issues pertaining to the '457 patent pending resolution of the IPR. Accordingly, GRC respectfully requests that the Court grant its Motion.

Dated: December 13, 2024

/s/ *Ashley N. Moore*
Ashley N. Moore
Texas Bar No. 24074748
Sarah-Michelle Stearns
Texas Bar No. 24099029
**GREENBERG TRAURIG, LLP.**
2200 Ross Avenue
Suite 5200
Dallas, Texas 75202
214-665-3600 – Phone
214-665-3601 – Fax
Ashley.Moore@gtlaw.com
SarahMichelle.Stearns@gtlaw.com

Joseph W. Shaneyfelt
Texas Bar No. 24105406
**Greenberg Traurig, LLP.**
300 W. 6th Street
Suite 2050
Austin, Texas 78701
512-360-7276 – Phone
512-320-7210 – Fax
Joe.Shaneyfelt@gtlaw.com

**ATTORNEYS FOR PLAINTIFF
GREEN REVOLUTION COOLING,
INC.**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7, I hereby certify that counsel of record for both parties to the above action met and conferred in a good-faith attempt to resolve the matter on December 11, 2024. Counsel for Riot indicated it was opposed to the relief requested herein.

By: */s/ Ashley N. Moore*
Ashley N. Moore

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on December 13, 2024 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

By: */s/ Ashley N. Moore*
Ashley N. Moore