UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Midas Green Technologies, LLC**, <br><br> Plaintiff, <br><br> - vs. - <br><br> **Green Revolution Cooling, Inc.** <br><br> Defendant | Civil Action No. 6:24-cv-00166-ADA <br><br> **Jury Trial Demanded** |

# PLAINTIFF MIDAS GREEN TECHNOLOGIES, LLC'S OPPOSITION TO DEFENDANT GREEN REVOLUTION COOLING, INC.'S MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE '457 PATENT

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| **I.** | **INTRODUCTION** | 1 |
| **II.** | **BACKGROUND** | 2 |
| A. | Present Case - Midas vs. Green Revolution Cooling | 2 |
| B. | The '457 Patent | 2 |
| C. | Related Case - Green Revolution Cooling v. Riot Platforms | 2 |
| D. | GRC's Inter Partes Review Petition | 3 |
| **III.** | **LEGAL STANDARD** | 5 |
| **IV.** | **ARGUMENT** | 5 |
| A. | A Stay Will Prejudice Midas | 5 |
| B. | A Stay Is Not Appropriate As This Case has Significantly Advanced. | 7 |
| C. | A Stay Will Not Simplify the Case Before the Court. | 8 |
| **V.** | **CONCLUSION** | 10 |

Cases

*CANVS Corporation v. United States*, 118 Fed. Cl. 587, 595 (2014) ..................................................... 9

*Credit Acceptance Corporation v. Westlake Services*, 859 F.3d 1044, 1052 (Fed. Cir. 2017)................11

*Crossroads Systems, Inc. v. Dot Hill Systems Corporation,* 13-cv-1025, 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015)................................................................................................................ 7

*Cywee Group Limited v. Samsung Electronics Company,* 2:17-cv-140-WCB, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019) ............................................................................................................ 6

*Datanet LLC v. Dropbox Inc.*, 6:22-CV-01142-OLG-DTG, 2023 WL 9005604, at *3 (W.D. Tex. Dec. 28, 2023) ...............................................................................................................................6, 7, 11

*Gordon v. FDIC*, 427 F.2d 578, 580, 138 U.S. App. D.C. 308 (D.C. Cir. 1970)..................................... 7

*Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*, Case No. 6:24-cv-152-RP...............1, 3, 8

*Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1041 (Fed. Cir. 2022).......................................10

*Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989) ............................................................................. 7

*Kirsch Research & Development, LLC v. Tarco Specialty Products Inc.*, 20-cv-318, 2021 U.S. Dist. LEXIS 191689, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021) .................................................. 6

Midas Green Technologies, Inc. v. Rhodium Enterprises, Inc. et al., Case No. 6:22-cv-00050-ADA......................................................................................................................................... 8

*MiMedx Group, Inc. v. Tissue Transplant Technology Limited*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) .......................................................................................... 5

*Neo Wireless LLC v. Dell Technologies, Inc.*, 1:22-CV-60-DAE, 2022 U.S. Dist. LEXIS 127095, 2022 WL 2763139, at *1 (W.D. Tex. Jun. 7, 2022) .......................................................................................11

*Ravgen, Inc. v. Laboratory Corporation,* W-20-CV-00969-ADA, 2022 WL 4240937 ................. 5

*Sonrai Memory Ltd. v. Micron Technologies, Inc.*, 1:23-CV-01407-ADA, 2024 U.S. Dist. LEXIS 231280, *7 (W.D. Tex. May 29, 2024).........................................................................................10, 12

*United States ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F. Supp. 2d 758, 763 (W.D. Tex. 2008)................................................................................................................................ 7

Statutes

35 U.S.C. § 103 ................................................................................................................... 1, 3, 11

Other Authorities

Japanese Patent Application Publication No. 2001/181898 ................................................... 4

U.S. Patent Application 2014/0211412 ................................................................................... 5

U.S. Patent Application No. US2011/0132579 ....................................................................... 3

U.S. Patent No. 10,405,457 ..................................................................................................... 2

I.      INTRODUCTION

Green Revolution Cooling, Inc. ("GRC") failed to meet its burden of establishing that a stay is warranted at this juncture in the case. Tellingly, instead of directly arguing that GRC's petition to institute an *inter partes* review ("IPR") is likely to be successful on its own merits, GRC solely presents generalized patent office statistics to argue that such statistics prove that GRC is likely to prevail in its IPR. In this way, GRC's argument is a classic example of statistical generalization fallacy. In support the of "most important factor," the likelihood of simplification of the issues, GRC only presents generalized statistics to suggest that (1) its IPR is "likely" to be instituted; and (2) if instituted, its IPR is "likely" to result in narrowed or canceled claims. GRC's arguments are a misdirection to shield this Court from the weakness of GRC's IPR. The statistics cited by GRC are not relevant to GRC's specific IPR petition, which presents only two similar 35 U.S.C. § 103 positions. Both of GRC's § 103 positions contain the same piece of prior art as a base reference, which was extensively applied and considered by the Patent Examiner during the prosecution of the patent at issue here. When properly reviewed, GRC's IPR petition is not likely to be instituted, much less granted. As a result, a stay is very unlikely to simplify the issues in this case, but it would significantly delay Midas in holding GRC accountable for its infringing conduct.

GRC is hiding the weakness of its IPR because its petition is a veiled attempt to gain a tactical advantage in this litigation while continuing to aggressively seek discovery of all relevant facts and documents from a parallel proceeding and allegedly related case, *Green Revolution Cooling, Inc. v. Riot Platforms, Inc*. If this stay is granted, it would allow GRC to seek unfettered discovery while Midas would be prevented from seeking any discovery from GRC in this case until after the stay is lifted. This would cause Midas substantial prejudice and create a clear tactical advantage for GRC. For these reasons, the stay should be denied.

## II. BACKGROUND

### A. Present Case - Midas vs. Green Revolution Cooling

Midas filed this case on March 29, 2024. [ECF 1]. In its Complaint, Midas accused GRC of infringing several claims of its U.S. Patent No. 10,405,457 (the '457 Patent) by making, using, selling or offering for sale an infringing immersion cooling system. Midas completed its preliminary infringement contentions on August 9, 2024, and GRC completed its preliminary invalidity contentions on October 7, 2024. GRC filed its opening claim construction brief on November 25, 2024, and Midas filed its responsive claim construction brief on December 17, 2024. All claim construction briefing will be completed by January 10, 2025, with the Markman hearing scheduled for Feb.3, 2025. The jury trial is scheduled to commence on Feb. 2, 2026.

### B. The '457 Patent

Briefly, the '457 Patent is directed to a system for improved cooling of electronic devices, such as computer servers and other computing equipment. More particularly, the system of the '457 Patent immerses electronic appliances in a tank of cooled non-electrically conducting fluid (in this case, a dielectric liquid). Dielectric fluid is non-conductive, so it is safe for electronics and has desirable characteristics that make it more efficient at extracting heat from electronic devices as compared to air. If a conductive fluid were used, it would destroy the electronic equipment and render the equipment inoperable. The system of the '457 Patent circulates the dielectric fluid in the tank, and in particular dispenses the fluid into the tank from the plenum adjacent the bottom of the tank, which uniformly directs the fluid upward through the electronic appliances. Thus, there is a constant upward flow of the dielectric fluid in the tank through the computers. The heated fluid flows out the top of the appliance tank over a weir and the fluid is received into a recovery reservoir. The heated fluid from the recovery reservoir is then cooled using an external heat exchanger, where the heat that was extracted from the electronic appliances is dissipated to the environment.

### C. Related Case - Green Revolution Cooling v. Riot Platforms

Riot Platforms, Inc. ("Riot") is Midas' customer. Riot installed these inventions at their facilities located in Texas. Midas provided documentation to Riot regarding how to properly assemble the inventions. GRC filed an allegedly related patent infringement case against Riot based on the Midas installations on March 22, 2024. *Green Revolution Cooling, Inc. v. Riot Platforms, Inc.*, Case No. 6:24-cv-152-RP. On June 25, 2024, GRC filed a Motion to Consolidate the two cases. Discovery is proceeding aggressively, and several document productions have commenced, and depositions are scheduled for January and February 2025. A jury trial is currently set for February 23, 2026.

### D. GRC's Inter Partes Review Petition

On November 19, 2024, GRC filed its IPR petition with the Patent Trial and Appeal Board ("PTAB") to review the Midas' '457 Patent. In its IPR petition, GRC is unable to identify any single reference that even arguably discloses the '457 Patent invention, and as a result, GRC is unable to make any 35 USC §102 anticipation arguments. Instead, GRC solely relies on two similar (and much harder to prove) 35 U.S.C. § 103 obviousness positions. Both of GRC's § 103 arguments use U.S. Patent Application No. US2011/0132579 ("Best-2008") as the primary base reference. However, Best-2008 was fully considered and examined by the Patent Examiner during the prosecution of the '457 Patent and issued all claims of the '457 Patent. GRC acknowledges and admits that Best-2008 does not disclose the invention of the '457 Patent so in both of its § 103 arguments, GRC instead relies on a translation of Japanese Patent Application Publication No. 2001/181898 ("Osada") as a teaching reference. However, Osada has nothing to do with immersion cooling, and so is non-analogous art. As such, there cannot be any motivation to combine Osada with Best 2008.

In a review of Osada, it does not cool anything. Still, it is directed to "a liquid tank that can be utilized in an article processing device to perform processing using a liquid, and in particular, to an article processing device that involves a liquid for which filtration of the processing liquid is desired, such as a plating device…". In operation, Osada heats an electrically conductive fluid using a heat exchanger and fills a tank with the hot

3

electrically conductive liquid to facilitate electroplating. Critical to the industrial manufacturing process of electroplating is a high temperature, highly charged, electrically conductive fluid. The Osada application is directed to remove debris and suspended solids from the conductive electroplating fluid and provide a clean conductive fluid for this dirty manufacturing process. The circulation of processing fluid in Osada is designed to maximize the capture of contaminants including removing 30% of the process fluid from the top of the tank and 70% of the fluid from the bottom, the use of a "cleaning and replacement tank", and returning the cleaned and heated processing fluid to the top of the process tank.

In Osada, the invention manages the contaminated fluid flow in a way that enables the capture and management of debris that could negatively affect a process. GRC posits in its IPR that the Osada contaminated fluid overflow structure is similar to the Midas '457 patent's overflow lip. However, this is not so. The Midas '457 patent's operation is designed to maximize the cooling capability of the system by making certain there is a constant upward flow of the dielectric fluid in the tank through the computers. This is foundationally dissimilar to the operation of Osada which teaches a processing fluid circulation method that maximizes the capture of contaminants. For example, in sharp contrast to Osada, the invention of the '457 Patent uses a cooled and non-conductive fluid, flowing from the bottom to the top of the tank, to remove heat from sensitive electronic devices (such as computers) and dissipates that heat to the environment. One skilled in the art of immersion cooling for computers or electronic equipment would have no motivation to consider Osada, which is directed to a dirty manufacturing process. Osada is non-analogous art, so GRC's first § 103 argument fails.

GRC's second § 103 argument again uses Best-2008 and Osada, and shares the same deficiencies as previously identified in relation to the first § 103 argument, but GRC introduces U.S. Patent Application 2014/0211412 ("Best-2012") as an additional teaching reference. But Best-2012 does not overcome the deficiencies of Best-2008 and Osada, and further is not even prior art to the '457 Patent. The invention date for the

'457 Patent precedes the effective filing date for Best-2012. As a result, GRC's second § 103 argument also fails.

## III.    LEGAL STANDARD

"The party seeking a stay bears the burden of showing that a stay is appropriate." *Ravgen, Inc. v. Laboratory Corporation,* W-20-CV-00969-ADA, 2022 WL 4240937, at *3 (W.D. Tex. Aug. 16, 2022); citing *MiMedx Group, Inc. v. Tissue Transplant Technology Limited*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015). "District courts typically consider three factors when determining whether to grant a stay pending *inter parte*s review of a patent: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *Datanet LLC v. Dropbox Inc.*, 6:22-CV-01142-OLG-DTG, 2023 WL 9005604, at *3 (W.D. Tex. Dec. 28, 2023); citing *Cywee Group Limited v. Samsung Electronics Company,* 2:17-cv-140-WCB, 2019 WL 11023976, at *2 (E.D. Tex. Feb. 14, 2019). This Honorable Court has denied a motion to stay a matter prior to the Patent Trials and Appeal Board's institution of an IPR. *Datanet LLC v. Dropbox Inc*.

## IV.    ARGUMENT

A stay is not appropriate in this case because: (1) the stay will prejudice Midas and causes a clear tactical disadvantage to Midas; (2) the case is advanced; (3) the stay will not simplify the case before the Court; and (4) it is premature for GRC to seek a stay.

### A.    A Stay Will Prejudice Midas

A patentee has an interest in the timely enforcement of its patent rights. *Datanet LLC v. Dropbox Inc.*; *citing Kirsch Research & Development, LLC v. Tarco Specialty Products Inc.*, 20-cv-318, 2021 U.S. Dist. LEXIS 191689, 2021 WL 4555804, at *2 (W.D. Tex. Oct. 4, 2021). The Federal Circuit has long held that "[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *see also United States ex rel. Gonzalez v. Fresenius Medical Care North America*, 571 F.

5

Supp. 2d 758, 763 (W.D. Tex. 2008) ("[T]he compensation and remedy due a civil plaintiff should not be delayed.") (quoting *Gordon v. FDIC*, 427 F.2d 578, 580, 138 U.S. App. D.C. 308 (D.C. Cir. 1970)). Succinctly put, "the patent property is a wasting asset, and justice is ill served by delay in final resolution." *Datanet LLC v. Dropbox Inc*., *supra*. (citations omitted).

There are four non-exclusive sub-factors courts consider when deciding whether a non-movant will suffer undue prejudice or a clear tactical disadvantage: (1) the timing of the review request before the PTAB; (2) the timing of the request for stay of the litigation; (3) the status of the review proceedings; and (4) the relationship of the parties. *Datanet LLC v. Dropbox Inc., supra.*; citing *Crossroads Systems, Inc. v. Dot Hill Systems Corporation,* 13-cv-1025, 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015).

*(1) The timing of the review request before the PTAB.*

The petition for IPR was filed on November 19, 2024. Thus, GRC delayed 7 months and 24 days after Midas filed this case before filing its IPR. This factor weighs against a stay. GRC has no way to justify this excessive delay and this delay prejudices Midas. GRC was the key third party witness in Midas Green Technologies, Inc. v. Rhodium Enterprises, Inc. et al., Case No. 6:22-cv-00050-ADA, a case involving the same '457 Patent. In that case, GRC's Christiaan Best filed a declaration and gave deposition testimony regarding the '457 Patent. In this way, GRC has known since at least June 16, 2022 of the '457 Patent, but yet it waited until November 19, 2024, to file its IPR of the patent. This Court should not reward GRC for its delay tactics.

*(2) The timing of the Request for a Stay of the Litigation.* GRC filed its request for a stay on December 11, 2024, nearly a month after filing its petition for the IPR. This case has been at issue since July 5, 2024. GRC delayed 5 months and 6 days before filing its request for a stay. This factor also weighs against a stay.

*(3) The status of the review proceedings.* GRC filed its petition for IPR on November 19, 2024, and Midas' preliminary response to the IPR petition is due February 19, 2025. By statute, the PTAB must rule on whether to institute the IPR within 3 months after Midas files its preliminary response. Thus, the date for the decision of whether to institute the IPR is on or around May 19, 2025. From the date of institution (which is unlikely here), the PTAB statutorily

6

must issue a ruling within one year. Thus, in the highly unlikely event the PTAB institutes the IPR, a ruling will be issued by at least May 19, 2026. This is after the current trial date of February 2, 2026. This factor also weighs against a stay.

**(4) The relationship of the parties.** Pending before Honorable Judge Pitman is a motion to consolidate this action with the action of Green Revolution Cooling, Inc. v. Riot Platforms, Inc. In that case, GRC has had the benefit of discovery on the Midas inventions, including the current operable installations at Riot's facilities when Riot produced responsive documents to GRC's requests for production. In that related case, GRC has been able to produce detailed preliminary infringement contentions alleging the Midas invention infringes on GRC's patents. In this way, GRC has the benefit of Midas' documents in preparing for this present case. However, Midas is prevented from discovery in this case by the standing OGP, which limits discovery until after the Markman hearing.

If the cases are consolidated, Midas would be subject to further intense discovery but would be unable to seek discovery to prove its claims of infringement. Thus, if the stay is granted, GRC will gain a substantial tactical advantage by having the benefit of a stay and all discoverable material to prepare its defense in this case while Midas will be prevented from discovering materials to prepare its case against GRC for nearly a year and a half. In this way, GRC has in its possession critical documents to prepare its defense while limiting Midas' ability to seek those same documents to prepare its case for infringement. This presents a clear tactical advantage for GRC, and clear prejudice to Midas. This factor heavily weighs against a stay. Based on the foregoing, this element of the four-part test weighs against a stay in this present case. GRC unreasonably delayed in filing its IPR and in seeking a stay. The timing illustrates that GRC is attempting to game the courts by staying Midas' discovery but obtaining discovery in the related action is a clear attempt to gain a tactical advantage.

     **B.**    **A Stay Is Not Appropriate As This Case has Significantly Advanced.**

"[I]f protracted and expansive discovery has already occurred, or the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corporation v. United States*, 118 Fed. Cl. 587, 595 (2014). Both Midas and GRC have provided

7

initial disclosures. GRC has in its possession, Midas' schematics, operating manuals, and other materials provided through productions taking place in the related case. GRC's Motion to Consolidate is set to be heard shortly. If granted, this motion will allow GRC to seek discovery from Midas as if Midas were a party to the *GRC v. Riot*-related case. GRC will also be able to use the information obtained in the related case to prepare GRC's defense in this present case. Discovery is limited in this case by the OGP until after the Markman hearing, which makes it wrong for GRC to assert that no discovery has taken place. The only party that has been prevented from substantive discovery is Midas. GRC has had an advantage over Midas in its ability to review and prepare a defense from information about Midas' installations obtained from Midas' own customer. If a stay is instituted in this case, Midas will suffer severe prejudice and a clear tactical disadvantage because GRC will have the benefit of Midas' documents before Midas can even begin to prepare its infringement claims against GRC.

### C.   A Stay Will Not Simplify the Case Before the Court.

Whether the stay will simplify the case has been identified as the "most important factor" in the stay analysis. *Sonrai Memory Ltd. v. Micron Technologies, Inc*., 1:23-CV-01407-ADA, 2024 U.S. Dist. LEXIS 231280, *7 (W.D. Tex. May 29, 2024). Courts will typically weigh: (1) the scope of estoppel the movants are bound by and (2) the strength of the relevant IPR petitions in the context of the asserted claims. *Id*.

*(1) Scope of Estoppel.* GRC has agreed to be bound by a broad estoppel if the IPR is instituted. However, there has not been any ruling on whether the PTAB will institute the IPR. Therefore, this factor does not weigh in favor of a stay. IPR estoppel is only invoked when the PTAB issues a final written ruling. *Intuitive Surgical, Inc. v. Ethicon LLC*, 25 F.4th 1035, 1041 (Fed. Cir. 2022) ("The plain language of § 315(e)(1) is clear that estoppel is triggered when an IPR proceeding results in a final written decision."); *Credit Acceptance Corporation v. Westlake Services*, 859 F.3d 1044, 1052 (Fed. Cir. 2017) ("There is no IPR estoppel with respect to a claim as to which no final written decision results.") Here, an IPR has not yet been instituted. Therefore, "simplification is entirely speculative at this time because the PTAB has not made its decision on whether to institute IPR." *Neo Wireless LLC v. Dell Technologies, Inc*., 1:22-CV-60-

8

DAE, 2022 U.S. Dist. LEXIS 127095, 2022 WL 2763139, at *1 (W.D. Tex. Jun. 7, 2022). In another similar case where an IPR had not yet been instituted, this Honorable Court has found "the potential for simplification of the issues is low." *Datanet LLC v. Dropbox Inc.*, *supra.* Based on the fact that it is unknown whether the PTAB will institute GRC's IPR, there is a high likelihood that no potential estoppel will attach whatsoever. In this way, this factor weighs against instituting a stay.

      ***(2) The Strength Of The Relevant IPR Petitions.*** GRC completely failed to meet its burden of establishing that the IPR is likely to be instituted, much less be granted. Thus, GRC has failed to meet its burden of establishing that a stay is warranted. GRC's IPR is not likely to be instituted because it only asserts weak 35 U.S.C. § 103 arguments. For example, both of GRC's § 103 arguments rely heavily on a primary reference that is a piece of prior art previously considered by the patent office (Best-2008), where the examiner allowed all the issued claims after a full and in-depth consideration of Best-2008. As Best-2008 is admittedly missing critical limitations of the allowed claims, GRC proposes Osada as a "teaching" reference, but Osada is non-analogous art to a person skilled in the art and would have no motivation to combine with Best-2008. For this factor, the movant "must show more than a successful petition, they must show that the PTAB is likely to invalidate every asserted claim. [Citations Omitted]." *Sonrai Memory Limited. v. Micron Technology, Inc*.

      Based on the lack of similarities in function and result, Osada is non-analogous prior art. Further, because the industries are so different it is not likely one skilled in the art would look to Osada as prior art for an obviousness analysis, and so there is no motivation to combine Best-2008 with Osada. Thus, GRC uses a base reference that the Examiner has already fully considered, and a teaching reference that does not even relate to immersion cooling. As a result, it is highly unlikely that the PTAB will even institute the IPR, and at a minimum, GRC has failed miserably to meet its burden that the PTAB will institute the IPR and narrow or invalidate any claims. Finally, GRC will have a full and fair opportunity to present the same arguments as final invalidity contentions. Based on this rationale, this Honorable Court has found "[i]t is unclear how forcing a defendant to rely on other prior art for its invalidity case constitutes a

'simplification' of the invalidity issue as opposed to simply a second chance to invalidate the asserted claims." *Sonrai Memory Ltd. v. Micron Tech., Inc*. In conclusion, GRC failed to meet its burden of establishing the likelihood of simplifying the issues element, and thus Midas respectfully request the motion be denied.

## V.    CONCLUSION

GRC has not met its burden to justify a stay in this case.  GRC timed its IPR and Motion to Stay to gain an unfair tactical advantage by forcing a significant pause in this case, while it continues to drive discovery against Midas in another case. Further, GRC makes no attempt to show that its petition for IPR will be granted, or that its IPR would result in a simplification. Instead, it ignores the weaknesses of its IPR and simply repeats historical statistics from the Patent Office. When the shortcomings of its IPR are exposed, it is very unlikely that GRC's IPR will be instituted or successful.  GRC completely fails to meet its burden to show that its petition and IPR are likely to simplify issues in this matter.  The Court should fully reject GRC's motion to stay in this matter with prejudice. In the alternative, Midas respectfully requests, this Honorable Court deny the stay without prejudice pending the PTAB's decision on whether to institute the IPR. After the PTAB's decision, the analysis of the above factors may change. A denial without prejudice would preserve the parties' status quo and allow both parties to proceed with the imminent Markman Hearing set for February 3, 2025. Allowing the Markman hearing to go forward would benefit the Court by narrowing the issues that will define critical claim terms.

DATED: December 30, 2024				Respectfully submitted,

    */s/ Joseph E. Thomas*
Joseph E. Thomas *(admitted p.h.v)*
William J. Kolegraff *(admitted p.h.v)*
Grant J. Thomas *(admitted p.h.v)*
THOMAS WHITELAW & KOLEGRAFF LLP
18101 Von Karman Ave., Suite 230
Irvine, California 92612
Telephone: (949) 679-6400
Fax: (949) 679-6405
jthomas@twtlaw.com
bkolegraff@twtlaw.com
gthomas@twtlaw.com

Michael C. Smith
Texas Bar No. 18650410
michael.smith@solidcounsel.com
Scheef & Stone, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900

Attorneys for Plaintiff Midas Green Technologies LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2024, a copy of this document was served via the United States District Court CM/ECF system on all parties or persons requiring notice by way of the primary email address that counsel supplied to the Court's CM/ECF system.

By  */s/ Tierra Mendiola*
   Tierra Mendiola