# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| MIDAS GREEN TECHNOLOGIES, LLC, § § *Plaintiff, Counter-Defendant*, § § v. § § GREEN REVOLUTION COOLING, INC. § § *Defendant, Counter-Plaintiff.* § | Civil Action No. 6:24-cv-00166-ADA |

**DEFENDANT GREEN REVOLUTION COOLING, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STAY PENDING *INTER PARTES* REVIEW OF THE '457 PATENT**

i

Midas's Opposition [Dkt. No. 40] is comprised of wishful thinking unsupported by the facts of this case or applicable law. First, and most importantly, simplification of this single-patent case is likely pursuant to PTAB statistics and the strength of the IPR petition. Second, this case certainly is not "advanced." Discovery is not open and Midas has not produced documents in this case. Lastly, Midas's concern that GRC will misuse discovery in the related Riot matter to gain a tactical advantage in this Midas matter is unsupported paranoia. Woven throughout its Opposition is the *Datanet LLC v. Dropbox Inc.* case that was before this Court in 2023. Midas essentially urges the Court to deny GRC's Motion because the Court denied Dropbox's motion to stay. Unsurprisingly, even a cursory read of *Datanet* reveals material fact distinctions that actually support staying this case.

I.   ARGUMENT

   A.   **Simplification is Not Speculative, it is Likely.**

Midas's "scope of estoppel" argument boils down to the assertion that simplification is speculative because the IPR has not instituted. Dkt. No. 40 at 11–12. Midas fails to address any of GRC's arguments in its Opening Brief or GRC's case law supporting simplification (Dkt. No. 33 at 8–9). Rather, Midas cites two inapplicable cases—*Neo Wireless LLC v. Dell Technologies, Inc.*, and *Datanet*—to support its non-simplification argument. Dkt. No. 40 at 11–12. In *Neo Wireless*, the court held that the "early stage" and "potential prejudice" factors favored a stay, while "the third factor—simplifying the issues—weigh[ed] strongly against granting a stay." 1:22-CV-60-DAE, 2022 WL 2763139, at *1 (W.D. Tex. Jun. 7, 2022). However, the lack of simplification found by the Court in *Neo Wireless* is not present here. In *Neo Wireless*, IPRs had been denied on three of the five patents-in-suit. *Id.* Thus, there was no simplification possible for these three patents and this factor weighed against a stay. *Id.* In contrast to *Neo Wireless*, there is only one

1

patent involved in the Midas case, and that patent is the subject of GRC's IPR. It is highly likely (*i.e.*, 74% likely) that the pending IPR will simplify the issues in the Midas case and *Neo Wireless* is therefore inapplicable.

The *Datanet* case fares no better. Midas quotes the *Datanet* case for the proposition that "the potential for simplification of the issues is low" (Dkt. No. 40 at 12), but GRC was unable to locate that statement in *Datanet*. Regardless, this case is also inapplicable because in *Datanet* "[t]he Court ha[d] already construed the claims." 2023 WL 9005604, *5 (W.D. Tex. Dec. 28, 2023). That is not true here. In fact, the *Datanet* court distinguished contrary case law supporting a stay on this same basis (*i.e.,* that a claim construction had already occurred). *Id.*

Midas's "strength of the [] IPR petition" argument also fails. First, based on PTAB statistics alone, there is a very high likelihood of success on GRC's IPR. *See* Dkt. No. 33 at 8 (noting 74% institution rate, 83.9% unpatentability rate for at least one claim, and 68.3% complete unpatentability rate). Second, the Examiner (and Midas's silence during prosecution), shows that both parties agreed Best-2008 teaches every element of the '457 patent claims except the weir and reservoir elements. Dkt. No. 33-2 at 14–15, 20. As explained in the IPR, the weir and reservoir elements are widely known in the industry, including in Osada. *Id.* at 38, 41, 56–57. This is the only evidence in the record rendered by a POSITA, and it supports a strong case of invalidity. Third, the IPR petition and expert declaration make clear, over 12 pages, that Osada is analogous prior art that can and would be combined with Best-2008 by a POSITA. *Id.* at 34–46. Osada even uses the word "immersion" and "liquid tank" in its description. Fourth, Midas appears to argue that Best-2012 is not prior art. Dkt. No. 40 at 7. This is incorrect. Best-2012 is prior art as of its PCT application filing date of August 12, 2012 and/or its provisional filing date of August 5, 2011. Dkt. 33-2 at 27.

Finally, Midas ignores (1) the simplification of GRC's declaratory-judgment counterclaims of inventorship/ownership and inequitable conduct; (2) the fact that Midas's imminent preliminary response will likely impact ongoing claim construction; (3) the small number of asserted claims, which indicates a high likelihood for significant simplification; and (4) that a claim construction order has not been issued. Dkt. No. 33 at 7–9. Thus, in accordance with Midas's cited *Sonrai* case, this factor at least weighs slightly in favor of a stay.

## II.     This Case is Not Advanced.

Midas boldly (and inaccurately) claims that a stay is not appropriate because the case is significantly advanced. *See* Dkt. No. 40 at 10. To be clear, discovery is not open in the Midas case and Midas has not produced any material documents in either this or the Riot case. Courts, including this one, have found similarly-situated cases to be in their infancy because the *Markman* hearing had not been conducted, fact discovery had not opened, joint claim construction statements had not been filed, and jury selection was a year away. *See Datanet LLC*, at *3 (contrasting status of case in *Datanet* with *Virtual Agility*); *see also* GRC cases cited at Dkt. No. 33 at 12–13. All of these factors are true here. The Markman hearing is currently set for February 3, 2025 (although the parties filed a joint motion to reset that date to February 13, 2025 at Dkt. No. 41); fact discovery will not open until after the Markman hearing; the parties are still briefing claim construction; and jury selection is over 52 weeks away. *See* Dkt. No. 23 at 3, 5. By contrast, in *Datanet*, the Markman hearing was six-months passed, fact discovery was set to *end* in a few weeks, the case had been pending for over 12 months, and trial had already been set. *Datanet LLC*, at *3.

Further, Midas cannot point to Court resources that have been expended and would therefore be wasted should the Court issue the stay. The Court has not made any material rulings, the Markman hearing is over a month away, and a technical advisor has not been appointed. To

3

state that protracted and expansive discovery has already occurred when discovery has not even opened, or that the Court has expended significant resources when none can be identified, is incorrect at best and disingenuous at worst. Because this case is indeed in the early stages, this factor weighs in favor of a stay.

### III.     Midas Will Not Be Prejudiced.

Midas fails to make a legitimate case that it will be prejudiced if the stay is granted. Strangely, Midas argues that a 7-month "delay" in filing an IPR counsels against a stay when Midas waited at least four years to sue GRC for patent infringement in the first place. Again, GRC filed its IPR many months before the deadline and filed the request for stay shortly thereafter. Dkt. No. 33 at 6.

Apart from the typical stay associated with an IPR proceeding—which cannot demonstrate prejudice sufficient to deny a stay—Midas has offered nothing of consequence. The "clear tactical advantage" alleged by Midas is unclear and based entirely on falsehoods. GRC has not "had the benefit of discovery" from Midas (Dkt. No. 40 at 10); rather, Midas has refused to produce a single page of documents in response to GRC's third-party subpoena in the Riot case and only now, having been compelled by the Court, will Midas produce documents. Moreover, GRC's preliminary infringement contentions are based on public information and videos from Riot, not Midas. Thus, GRC has not had the "benefit of Midas's documents in preparing" for either the Riot or Midas case—a fact Midas's counsel well knows as it is also counsel for Riot in the Riot case.

Lastly, Midas argues prejudice because it would "be subject to intense discovery" in the Riot case. Dkt. No. 40 at 10. However, GRC has only sought limited third-party discovery from Midas in the Riot case. And any production is covered by the parties' protective order such that Midas's argument is without merit. Further, it is unclear what "critical documents" Midas is withholding from production in the Riot case, or how this provides a "tactical advantage" in the

Midas case. Indeed, Midas's counsel has a prior document production from GRC, prior deposition transcripts of GRC's CEO and lead inventor, and is acting as counsel for Riot in the Riot case. So, if anyone has a tactical advantage, it is Midas.

For these reasons and those set forth in GRC's Motion, a stay is appropriate.

Dated: January 10, 2025

/s/ *Ashley N. Moore*
Ashley N. Moore
Texas Bar No. 24074748
Sarah-Michelle Stearns
Texas Bar No. 24099029
**GREENBERG TRAURIG, LLP.**
2200 Ross Avenue
Suite 5200
Dallas, Texas 75202
214-665-3600 – Phone
214-665-3601 – Fax
Ashley.Moore@gtlaw.com
SarahMichelle.Stearns@gtlaw.com

Joseph W. Shaneyfelt
Texas Bar No. 24105406
**Greenberg Traurig, LLP.**
300 W. 6th Street
Suite 2050
Austin, Texas 78701
512-360-7276 – Phone
512-320-7210 – Fax
Joe.Shaneyfelt@gtlaw.com

**ATTORNEYS FOR PLAINTIFF GREEN REVOLUTION COOLING, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are being served with this document on January 10, 2025 by way of the primary email address that said counsel supplied to the Court's CM/ECF system.

By: */s/ Ashley N. Moore*
Ashley N. Moore